**146**

In re AMU & ANU, INC. and Arvind Patel, Debtors.

Nos. 01–51662, 01–57376.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 28, 2001.

Jeffrey B. Ellman, Joseph M. Witalec, Jones, Day, Reavis & Pogue, Columbus, OH, S. Todd Brown, Jones, Day, Reavis & Pogue, Cleveland, OH, for Scott Lumber Company.

Guy R. Humphrey, Chester, Willcox & Saxbe, LLP, Columbus, OH, for debtors.

Brent A. Stubbins, Stubbins Lewis Watson & Erhard, Zanesville, OH, Pamela N. Maggied, Columbus, OH, for Belmont National Bank.

### *ORDER OVERRULING OBJECTION OF SCOTT LUMBER COMPANY TO CONFIRMATION OF PLAN*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the debtors' second amended joint plan of reorganization (the "Plan") and the objection of Scott Lumber Company. The Court heard the objection to confirmation on September 4, 2001.

Scott Lumber Company is the holder of a mechanic's lien. Its claim is included in class 3 of the Plan along with two other mechanic's lien holders. As a member of that class, Scott Lumber Company had the option of having its claim satisfied in one of three ways. It could elect to be paid the sum of $47,500 on or before December 31, 2001, in full satisfaction of its claim. As a second alternative, it could choose to have its allowed secured claim paid in full with a market rate of interest in forty (40) quarterly payments over ten (10) years. Lastly, it could elect treatment as a class 4 general unsecured in the amount of its allowed claim. Scott Lumber Company chose the first option.

Scott Lumber Company initially objects to certain provisions in the Plan which, in

its view, improperly release claims against certain non-debtors. The debtors' counsel conceded that the purported release contained in Article III B, section 3.03(1) of the claims of mechanic's lien holders opting for the first alternative treatment should not have included non-debtor entities. He agreed, therefore, to amend the Plan to delete the release clause as it pertained to any of the debtors' affiliates and to Bharati Patel, the wife of debtor Arvind Patel.

■ As for the release contained in section 3.02, subclass 2B, the debtors' attorney represented at the hearing and in his memorandum in opposition to the objection that only the claims of Belmont National Bank would be affected, and that the provision would in no way discharge the claims of any third parties. The release is part of a settlement with Belmont National Bank under the terms of which the bank will receive two million dollars ($2,000,000). The Court finds the settlement with Belmont National Bank to be in the best interests of creditors. Without the settlement, the debtors would not be able to obtain the replacement financing required to reorganize. In that event, there is no guarantee that liquidation of the hotel property would even satisfy the secured claims of the Belmont County Treasurer and Belmont National Bank. In such a liquidation, the mechanic's lien holders' claims might or might not be satisfied in whole or in part, and unsecured claimants would likely receive nothing. Further, because Bharati Patel has pledged all of her assets to the proposed reorganization and has personally guaranteed the final $175,000 payment to Belmont National Bank, the Court determines the release contained in section 3.02, subclass 2B of the Plan, to be appropriate notwithstanding her status as a non-debtor.

■ Scott Lumber Company also objects to the proposed treatment of mechanic's lien holders who elect either the second or third alternative. Specifically, it asserts that the second option fails to specify a market rate of interest and that the ten-year repayment period is excessive. The third choice is even more unfair in its view because under that provision, mechanic's lien holders would be giving up their security.

As noted above, Scott Lumber Company made a conscious election to accept the treatment offered under the first alternative in satisfaction of its secured claim. Until the $47,500 is paid, Scott Lumber Company will retain its lien rights under the Plan. In the event this sum is not paid by December 31, 2001, or by a later date to which Scott Lumber Company expressly agrees, the debtors will be in default. If any such default is not subsequently cured under the terms of the confirmed Plan, Scott Lumber Company will be able to exercise any and all of the remedies available to it.

Because Scott Lumber Company did not elect either the second or the third alternative, it lacks standing to challenge the treatment it would be accorded had it chosen a different option. If it had elected, for example, the second alternative, it could then have challenged the interest and repayment terms. Having not done so, it simply cannot assert arguments which might have been raised by a mechanic's lien holder who opted for a treatment different from the first alternative.

The Court has also considered the other objections raised by Scott Lumber Company and finds them to be without merit. The debtors have proposed the Plan in good faith. The Plan, as proposed, does not violate the absolute priority rule; nor does it substantively consolidate the debtors' estates. Further, the Court deter-

mines that Scott Lumber Company has not demonstrated the need for an examiner to review any alleged inside transactions.

Based on the foregoing, Scott Lumber Company's objection to confirmation of the Plan is **OVERRULED** so long as the debtors delete the non-debtor release provision as previously identified in Article III B, section 3.03(1).

**IT IS SO ORDERED.**